UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. OVERTON,<br>Plaintiff,<br>v.<br>UNKNOWN,<br>Defendant. | No. 2:26-cv-02965 SCR P<br><br>ORDER |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. This proceeding was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**IN FORMA PAUPERIS**

Plaintiff initiated the action by filing a complaint on September 2, 2026. ECF No. 1. Plaintiff has not paid the required filing fee of $405.00 or sought leave to proceed in forma pauperis. However, a review of court records shows that Plaintiff has been determined a "three-strikes litigant" pursuant to 28 U.S.C. § 1915(g). Overton v. Warden, No. 2:25-CV-0026 AC P, 2025 WL 81951 (E.D. Cal. Jan. 13, 2025), report and recommendation adopted, No. 2:25-CV-0026 DJC AC P, 2025 WL 958183 (E.D. Cal. Mar. 31, 2025). That provision reads:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The "imminent danger" exception applies at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasizing that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)"). A prisoner's complaint can demonstrate "imminent danger" by alleging "an ongoing danger." Id. at 1056–57 (holding that "a prisoner who alleges that prison officials continue[d] with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard"); see also Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015) ("[A] prisoner subject to the three-strikes provision may meet the imminent danger exception and proceed in forma pauperis on appeal if he alleges an ongoing danger at the time the notice of appeal is filed.").

In the complaint, Plaintiff alleges that his wives stole his social security and veteran benefits on two occasions. The first alleged theft occurred in 1997, but Plaintiff learned of it in the Spring or Summer of 2024 when he was a resident of Atascadero State Hospital. ECF No. 1 at 3-4. The second incident occurred while he was in state prison but he does not provide a date or allege that the theft is ongoing. Id. at 5-6.

Although the alleged thefts of Plaintiff's benefits checks are a serious matter, they do not constitute an imminent risk of serious physical injury. See Young v. Achtley, No. 20-CV-08349-LHK, 2021 WL 9166404, at *6 (N.D. Cal. Aug. 20, 2021) ("Plaintiff is not entitled to proceed under the imminent danger exception . . . because the danger must implicate possible 'physical injury,' see 28 U.S.C. § 1915(g), which mail confiscation does not."); Wilson v. Hubbard, No. CIV S-07-1558 WBS GGH P, 2009 WL 2971619, at *2 (E.D. Cal. Sept. 11, 2009), report and recommendation adopted, No. CIV S-07-1558 WBS GGH P, 2009 WL 3381522 (E.D. Cal. Oct. 16, 2009) (confiscation of personal property does not involve an "imminent danger").

Accordingly, in light of Plaintiff's status as a three-strikes litigant and the lack of alleged imminent danger at the time this complaint was filed, the undersigned orders Plaintiff to pay the entire filing fee within a period of 30 days or face dismissal of the present action.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall pay the entire $405.00 in filing fees within thirty days of the date of this order.

2. Plaintiff is advised that his failure to comply with this order will result in the recommendation that this action be dismissed for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Local Rule 110.

DATED: October 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE